Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| Mónica Rivera Burgos<br><br>RECURRIDA<br><br>v.<br><br>TRIPLE-S SALUD, INC.<br><br>PETICIONARIA | TA2026CE00669 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2023CV07076<br><br>Sobre: Despido injustificado (Ley Núm. 80) |

Panel integrado por su presidenta, la Juez Lebrón Nieves, el Juez, Pagán Ocasio y la Jueza Álvarez Esnard.

Pagán Ocasio, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 26 de junio de 2026.

### I.

El 26 de mayo de 2026, Triple-S Salud, Inc. (Triple-S o peticionario) presentó un *Recurso de Certiorari* en el que nos solicitó que revocáramos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario), el 11 de mayo de 2026, notificada y archivada digitalmente en autos el 14 de mayo de 2026.[1] Mediante esta, el TPI declaró No Ha Lugar la *Solicitud de Sentencia Sumaria* presentada por Triple-S y ordenó la continuación de los procedimientos.

El 27 de mayo de 2026, emitimos una *Resolución* en la que le concedimos a la señora Mónica Rivera Burgos (recurrida) hasta el 5 de junio de 2026 para exponer su posición sobre el recurso.[2]

Tras varios incidentes procesales, el 9 de junio de 2026, la recurrida presentó un *Alegato en Oposición a Certiorari* en la que nos

---

[1] Véase entrada núm. 135 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI).

[2] Véase entrada núm. 3 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA).

suplicó que deneguemos la expedición del recurso o, en la alternativa, confirmemos la *Resolución* recurrida.[3]

**II.**

El caso de marras tuvo su génesis el 15 de diciembre de 2023, cuando la recurrida incoó una *Querella* en contra de Triple-S por despido injustificado y represalias, tramitado conforme al Procedimiento Sumario de Reclamaciones Laborales que establece la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.* (Ley Núm. 2).[4] En resumen, alegó que, por la imposición de condiciones onerosas en su lugar de empleo, y como última alternativa razonable, renunció a su empleo con la peticionaria. Manifestó que fue expuesta a un ambiente de trabajo hostil, intimidante y ofensivo. Por ello, reclamó indemnización por concepto de mesada, por el despido injustificado, mediante la modalidad de despido constructivo y por represalias.

Posteriormente, el 24 de junio de 2024, Triple-S presentó una moción intitulada *Comparecencia Especial en Solicitud de Conversión al Procedimiento Ordinario.*[5] Alegó que, por virtud de las causas de acción reclamadas, es necesario realizar un descubrimiento de prueba más abarcador del permitido por la Ley Núm. 2. El 3 de julio de 2024, la recurrida presentó su correspondiente oposición a la referida solicitud.[6]

El 9 de julio de 2024, el TPI rechazó convertir el procedimiento del caso a uno ordinario.[7]

Luego de varios trámites procesales, innecesarios pormenorizar, el 11 de mayo de 2026, el TPI emitió una *Resolución* en la que declaró No Ha Lugar la *Solicitud de Sentencia Sumaria* presentada por Triple-S. En resumen, determinó que existían

---

[3] Íd., entrada núm. 10.
[4] Véase entrada núm. 1 en el SUMAC-TPI.
[5] Íd., entrada núm. 54.
[6] Íd., entrada núm. 56.
[7] Íd., entrada núm. 57.

controversias genuinas sobre hechos materiales del caso que debían dilucidarse en un juicio en su fondo. Formuló 209 determinaciones de hechos materiales no controvertidos y 20 determinaciones de hechos en controversia.

Inconforme, Triple-S presentó el recurso de *certiorari* de epígrafe y formuló los siguientes señalamientos de error:

**Erró el Tribunal De Primera Instancia, Sala Superior De Bayamón, al abusar de su discreción y determinar que no procede dictar sentencia sumaria para desestimar las causas de acción instadas por la querellante al:**

**A. Acoger y considerar la Oposición presentada por la querellante, cuando ésta incumplió crasamente con la Regla 36.3 de Procedimiento Civil al (i) no anejar prueba alguna; (ii) hacer referencia en su escrito a evidencia que tampoco fue anejada; (iii) sustentar su oposición en meras alegaciones y (iv) ofrecer respuestas calificadas que no niegan sustancialmente los hechos subyacentes.**

**B. Concluir que existen controversias genuinas sobre hechos materiales cuando las veinte (20) "controversias de hechos", de los doscientos nueve (209) hechos incontrovertidos identificados en la Resolución recurrida son cuestiones jurídicas disfrazadas de hechos o cuestiones sobre lo declarado bajo juramento por la querellante, verificables mediante el récord documental.**

**C. No citar ni aplicar el derecho y marco jurisprudencial controlante sobre las causas de acción al momento de atender y denegar la Solicitud de Sentencia Sumaria.**

**D. Denegar la desestimación de las causas de acción cuando los hechos no controvertidos demuestran que Triple-S no despidió a la querellante, ni siquiera constructivamente. (Subrayado en el original).**

Alegó que el foro primario abusó de su discreción al denegar la solicitud de sentencia sumaria. Adujo que la oposición de la recurrida incumplió crasamente con la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3. A su juicio, no existe controversia real

sobre hechos materiales por lo que procedía dictar sentencia sumaria a su favor.

De otra parte, la recurrida se opuso a la expedición del recurso. Arguyó que la intervención de este tribunal resultaría prematura, sobre todo en un caso tramitado bajo el procedimiento sumario laboral. Respecto a la determinación recurrida, adujo que el TPI no cometió error alguno al considerar la oposición de la señora Rivera. Por lo que, sostuvo que la determinación recurrida merece deferencia.

### III.

### A.

La jurisdicción ha sido definida como "el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *Shell v. Srio. Hacienda,* 187 DPR 109, 122 (2012). Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales tienen siempre la obligación de ser celosos guardianes de su propia jurisdicción, toda vez que sin jurisdicción no están autorizados a entrar a resolver los méritos de un recurso. Íd., págs. 122-123. En consecuencia, los asuntos de jurisdicción son materia privilegiada y deben ser resueltos con preferencia. *Fuentes Bonilla v. ELA,* 200 DPR 364, 372 (2018). Así, cuando un tribunal no tiene autoridad para atender el recurso, solo tiene jurisdicción para así declararlo y desestimar el caso sin entrar en los méritos de la controversia. *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014).

Un recurso es prematuro cuando es presentado en el tribunal antes de que dicho foro tenga jurisdicción para atenderlo. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008), *Pueblo v. Santana Rodríguez*, 148 DPR 400, 402 (1999). Su presentación no produce efecto jurídico alguno, ya que la falta de jurisdicción es un defecto insubsanable. *Rodríguez v. Zegarra*, 150 DPR 649, 654

(2000). Por lo tanto, el tribunal no puede intervenir en un recurso prematuro y deberá desestimar el caso, al concluir que no hay jurisdicción.

**B.**

La Asamblea Legislativa aprobó la Ley Núm. 2, *supra*, a los fines de establecer un procedimiento sumario para los casos de reclamaciones de obreros y empleados contra sus patronos. Dicho estatuto provee un procedimiento sumario de reclamaciones laborales para la rápida consideración y adjudicación de las querellas de obreros y empleados contra sus patronos relacionadas con salarios, beneficios y derechos laborales. ***Ruiz Camilo v. Trafon Group., Inc.***, 200 DPR 254, 265 (2018).

En estos casos, las Reglas de Procedimiento Civil aplicarán supletoriamente en todo aquello que no esté en conflicto con las disposiciones específicas de estas reglas o con el carácter sumario del procedimiento especial establecido en la referida legislación. 32 LPRA sec. 3120*; **Flores Reyes v. Prestress Manufacturing Corp**.,* 2026 TSPR 53, 218 DPR __ (2026).

Cónsono con el carácter expedito de la referida Ley, nuestro Tribunal Supremo ha resuelto que la revisión de resoluciones interlocutorias es contraria al carácter sumario que, precisamente, busca adelantar el procedimiento. ***Dávila, Rivera v. Antilles Shipping, Inc***., 147 DPR 483, 496-497 (1999).

Igualmente, el Tribunal Supremo ha reconocido que esta norma no es absoluta, y, por tanto, cedería en una serie de instancias. Por excepción, los foros revisores deben mantener y ejercer su facultad revisora mediante *certiorari* en relación a aquellas resoluciones interlocutorias dictadas en un procedimiento sumario de reclamaciones laborales en las siguientes instancias: (1) cuando el tribunal primario haya actuado sin jurisdicción; (2) en situaciones en las que la revisión inmediata

dispone del caso por completo; o (3) cuando la revisión tenga el efecto de evitar una grave injusticia. *Díaz Santiago v. PUCPR et al.*, 207 DPR 339, 349 (2021)*; Dávila, Rivera v. Antilles Shipping, Inc.,* supra, pág. 498.

**IV.**

La parte peticionaria nos solicita que intervengamos en la *Resolución interlocutoria* mediante la cual el TPI determinó no disponer del pleito mediante el mecanismo de sentencia sumaria, al concluir que existen hechos materiales en controversia que lo impiden. De umbral, conviene mencionar que, el caso de marras está siendo tramitado mediante el procedimiento sumario que establece la Ley Núm. 2, *supra*. En este caso, la determinación recurrida, al ser una resolución interlocutoria en un procedimiento sumario laboral, no es susceptible de revisión mediante el recurso discrecional de *certiorari*, al no constituir una de las excepciones para nuestra intervención.

Tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, corresponde desestimar el presente recurso, por falta de jurisdicción.

Conforme a las normas jurídicas precedentemente pormenorizadas, la revisión de resoluciones interlocutorias es incompatible los propósitos de la Ley Núm. 2, *supra*, y no está disponible en dichos procesos, salvo excepciones, las cuales no están presentes en este caso.

Nuestro Tribunal Supremo ha sido enfático en que, la naturaleza sumaria que provee la Ley Núm. 2, *supra*, constituye su característica esencial, por lo que se debe respetar tanto por las partes como los tribunales y así evitar que se desvirtúe el carácter especial y sumario del procedimiento. *Ruiz Camilo v. Trafon Group., Inc.,* supra, pág. 265.

## V.

Por los fundamentos antes expuestos, se desestima el recurso presentado por la falta de jurisdicción, en esta etapa de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Juez Lebrón Nieves disiente del curso de acción tomado por la Mayoría al desestimar el recurso. Es la opinión de esta Juez que, en efecto, este foro revisor tiene jurisdicción por tratarse de una denegatoria de una moción dispositiva que pone fin a la controversia, lo cual es una de las excepciones contempladas por la doctrina establecida en *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 496-497 (1999).

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones